UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                                              CRIMINAL NO. 20-61-SDD-RLB

LOUIS BUTLER, III

### ORDER

This matter is before the Court on the "Motion for an Order Directing the Clerk to Provide Copies of all Orders and Papers Filed to Movant in the 2255 Portion of this Case Instead of Counsel who is the Subject of the 2255 Ineffective Assistance Inquiry,"[1] the Motion for Reconsideration,[2] and the Motion to Recuse[3] by Defendant, Louis Butler, III ("Defendant").

Defendant, acting *pro se*, previously filed a 28 U.S.C. 2255 Motion to Vacate his conviction and sentence based on the allegation that he received ineffective assistance of counsel.[4] In conjunction with that motion, Defendant moved for an order directing the Clerk of Court for the Middle District of Louisiana to provide him with a copy of every entry on this matter's docket sheet "without costs."[5] The Court entered the following Order:

> All documents requested have been served on Petitioner's counsel of record for the duration of the case, and all orders/notices have been mailed to the defendant following the Sec. 2255 Motion. Indigent/pauper status does not apply to copy requests made to the Clerk of Court's Office.[6]

---

[1] Rec. Doc. 55.
[2] Rec. Doc. 56.
[3] Rec. Doc. 57.
[4] Rec. Doc. 48.
[5] Rec. Doc. 51.
[6] Rec. Doc. 54.

The Court denied his motion on the grounds that, since the filing of his Section 2255 motion, the Clerk of Court has directly provided Defendant, vial mail, all orders and notices associated with this matter. However, the Court advised Defendant that pauper status does not relieve him of his obligation to pay for copy requests for any other filings he wishes to receive. It is not the policy or obligation of the Court to provide copies of the entire record to any party "without costs." The Court did not advise Defendant that it would only provide records to his former counsel or suggest that he was still represented by counsel.

Dissatisfied with the Court's Order, Defendant subsequently filed a Motion for Reconsideration and a Motion to Recuse the undersigned based on his apparent misunderstanding of the Court's Order. Defendant erroneously argues that, despite the Defendant representing himself in his Section 2255 motion, "the presiding jurist keeps stating that []movant is represented by counsel although defendant had repeatedly indicated … that he never hired, retained or asked said counsel to represent him in any 2255 proceeding …."[7] As set forth above, this is not the Court's belief, nor is it the basis for the Court's Order. Defendant's Motion to Recuse is premised on this erroneous assumption, and it is factually and legally unsupported under 28 U.S.C. § 455.

Accordingly, Defendant's Motion for Reconsideration[8] and the Motion to Recuse[9] are DENIED. Defendant's "Motion for an Order Directing the Clerk to Provide Copies of all Orders and Papers Filed to Movant in the 2255 Portion of this Case Instead of Counsel who is the Subject of the 2255 Ineffective Assistance Inquiry"[10] is DENIED WITHOUT

---

[7] Rec. Doc. 57, p. 1.
[8] Rec. Doc. 56.
[9] Rec. Doc. 57.
[10] Rec. Doc. 55.

PREJUDICE. The Clerk of Court will furnish Defendant with any requested documents for which he provides payment.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 28th ~~24th~~ day of October, 2024.

*Shelly D Dick*
SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA