**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

UNITED STATES OF AMERICA

versus                                                    CRIMINAL NO. 20-61-SDD-RLB

LOUIS BUTLER III

## RULING

This matter is before the Court on the Motion to Dismiss[1] Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence[2] filed by the United States ("the Government"). Defendant, Louis Butler, III ("Defendant" or "Butler") filed a Response[3] to the Government's motion and also filed a Supplemental Motion to Vacate under 28 U.S.C. § 2255.[4] Because Butler's Section 2255 Motions are untimely, the Government's Motion to Dismiss will be granted.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

In December 2020, pursuant to a Plea Agreement with the Government, Butler pled guilty to the following three counts: possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).[5] In

---

[1] Rec. Doc. 65.
[2] Rec. Doc. 48.
[3] Rec. Doc. 69.
[4] Rec. Doc. 72. The Government responded to this motion, Rec. Doc. 79, to which Butler filed two Replies, Rec. Docs. 84, 87.
[5] Rec. Docs. 11, 24, 25.

addition to several other arrests and two other marijuana convictions, Butler had previously been convicted of illegal use of weapons or dangerous instrumentalities and possession of cocaine.[6] On various other occasions, Butler has also been charged with attempted armed robbery, domestic abuse battery, possession of a firearm by a convicted felon, aggravated second degree battery, several counts of possession with intent to distribute Schedule I and II controlled dangerous substances and several counts of aggravated criminal damage to property.[7] At the time of the presentence report investigation, several of these charges, including ones involving drugs, violence, and a gun, remained pending.[8]

In May 2021, Butler was sentenced to a total term of imprisonment of 180 months, followed by three years of supervised release.[9]  This sentence was a downward variant sentence. Although the Court advised Butler of his appeal rights at the conclusion of his sentencing hearing,[10] Butler did not file an appeal. The Court entered Judgment in this matter on May 24, 2021.[11]

Butler's initial Section 2255 motion was filed in this Court and docketed on June 30, 2023,[12] but Butler claims he placed the motion in the prison mailing system on June 23, 2023.[13] In this motion, Butler asserts nine grounds for relief that the Government grouped into the following categories:

> Category 1, ineffective assistance of counsel (Ground One); Category 2, Second Amendment and Bruen-related claims (Grounds Two, Three, Four, Six, Seven and Eight); and Category 3, "Congressional 'Black Code'"

---

[6] Rec. Doc. 32, pp. 10–20, ¶¶ 43, 44, 47, 53, 63, 66, 70, 71, 72, 73, 74; *see also id.* at p. 6, ¶ 15.
[7] *Id.* at p. 18, ¶¶ 70, 71, 72; and pp. 19–20, ¶¶ 73, 74.
[8] *Id.* at pp. 18–20, ¶¶ 72, 73, 74.
[9] Rec. Doc. 41.
[10] Rec. Doc. 40.
[11] Rec. Doc. 41.
[12] Rec. Doc. 48
[13] *Id.* at pp. 1, 30.

claims, purportedly challenging the constitutionality of 18 U.S.C. § 922(g) (Grounds Five and Nine). Doc. 48, pp. 3–4; see also id. at pp. 17–18, 23, 25–26, 28 (indicating at least some overlap between Bruen-based arguments and each of Butler's Second Amendment claims).[14]

Regarding timeliness of the motion, Butler ostensibly acknowledged the motion's untimeliness.  He referred the Court to the "Facts Which Support Ground One" and cited to the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), and the Fifth Circuit's decision in *Egerton v. Cockrell*, 334 F.3d 433 (5th Cir. 2003).[15]

In response to Butler's initial Section 2255 Motion, the Government filed an Opposition[16] and also filed its own Motion to Dismiss[17] Butler's Motion as time-barred, which is appropriate under the Rules Governing Section 2255 Cases, Rule 4(b).[18] The Court ordered Butler to respond to the Government's Motion to Dismiss, and he complied.[19]

More than two years after filing his initial Motion, on October 8, 2025, Butler filed a second Section 2255 Motion asserting new ineffective assistance of counsel claims.[20] The Government opposed Butler's second motion and re-urged the untimeliness of both motions.[21]

---

[14] Rec. Doc. 65-1, p. 3.

[15] Rec. Doc. 48, p. 13.

[16] Rec. Doc. 81.

[17] Rec. Doc. 65.

[18] A motion to dismiss is an appropriate manner of responding to a Section 2255 Motion.  *See, e.g.*, Brian R. Means, *Postconviction Remedies* § 16:1 (Aug. 2024 update); *Gonzalez v. United States*, 07-CV-143, 2008 WL 2465284 at *1 (S.D. Tex. June 17, 2008); *see also Leachman v. Gonzalez*, No. 19-CV-2943, 2020 WL 6152537 at *2, n. 3 (S.D. Tex. Oct. 10 2020), *certificate of appealability denied*, 21-20499, 2022 WL 1487022 (5th Cir. May 11, 2022) (28 U.S.C. § 2254 petition).

[19] Rec. Doc. 69.

[20] Rec. Doc. 72.

[21] Rec. Doc. 79.

## II.    TIMELINESS OF SECTION 2255 MOTION

A motion made under 28 U.S.C. § 2255 is subject to a one-year statute of limitations and "shall run from . . . the date on which the judgment of conviction becomes final."[22] In this case, the Judgment was entered on May 24, 2021, and Butler did not file an appeal.[23] "When a defendant does not file a direct appeal, his conviction becomes final on the day when the time for filing a direct appeal expires."[24] Thus, Butler's judgment became final on June 7, 2021, 14 days after it was entered. Assuming Butler was entitled to file a Section 2255 motion challenging this Judgment, he had one year, or until June 7, 2022, to file this motion under § 2255(f)(1).  Butler's initial motion was filed more than one year later.[25]

The Fifth Circuit has maintained that, since the one-year statute of limitations of 28 U.S.C. § 2255 is not jurisdictional, it is subject to equitable tolling.[26] However, equitable tolling should only be granted in "rare and exceptional circumstances."[27] "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."[28] Prevention in this case requires a causal relationship between the extraordinary circumstances and the failure to timely file.[29]  The Section 2255 limitation

---

[22] 28 U.S.C. § 2255(f)(1); *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008).

[23] Rec. Doc. 41.

[24] *United States v. Scruggs*, 691 F.3d 660, 669 (5th Cir. 2012)(citing *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008)); Fed. R. App. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of either the judgment or the order being appealed[.]").

[25] Rec. Doc. 48, p. 1.

[26] *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002).

[27] *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)).

[28] *United States v. Perkins*, 481 F. App'x 114, 117 (5th Cir. 2012) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation and internal quotation marks omitted)).

[29] *Id.* at 118.

period may be tolled when: "(1) government action impeded the prisoner from filing his or her motion; (2) the prisoner asserts a constitutional right newly recognized by the Supreme Court and declared retroactive; (3) the factual predicate of the prisoner's claim could not have been discovered using due diligence; or (4) the petitioner is entitled to equitable tolling."[30]

The Fifth Circuit instructs that "a movant in a § 2255 proceeding has the burden of demonstrating that his filings are timely."[31]  In response to the Government's Motion to Dismiss, Butler does not substantively oppose any of the Government's arguments and focuses blame primarily on his inability to control the prison mail system.[32]  He asks the Court to allow his motion to continue "despite this lateness in response[.]"[33] The Court gives Butler every benefit of the doubt and assumes for purposes of this motion that Butler filed his original Section 2255 Motion on June 23, 2023, when he placed the motion in the prison mailing system;[34] however, this does not save Butler's motion.

In his original motion, when asked to establish timeliness, Butler refers the Court to "Facts Which Support Ground One,"[35] and cites the Supreme Court's decision in *New York State Rifle & Pistol Association v. Bruen*[36] and the Fifth Circuit's decision *Egerton v. Cockrell*.[37]  In *Bruen*, the Supreme Court held that courts must engage in a two-step inquiry to determine whether a regulation placing restrictions on a party's Second Amendment rights is constitutional.[38] In *Egerton*, the Fifth Circuit held that an inadequate

---

[30] *United States v. Arana*, No. CR 20-110, 2024 WL 2746802, at *3 (E.D. La. May 29, 2024).
[31] *United States v. Duran*, 934 F.3d 407, 413 (5th Cir. 2019).
[32] Rec. Doc. 69.
[33] *Id.* at p. 2.
[34] Rec. Doc. 48, pp. 30, 35.
[35] *Id.* at p. 13.
[36] 597 U.S. 1 (2022).
[37] 334 F.3d 433 (5th Cir. 2003).
[38] 597 U.S. at 2.

prison library may constitute a state-created impediment under 28 U.S.C. § 2244(d)(1)(B).[39]

The Government construes Butler's argument under *Bruen* as seeking relief under § 2255(f)(3), which provides that a movant has "one year from 'the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.'"[40] Butler's *Bruen* argument has been repeatedly rejected by courts within the Fifth Circuit: "*Bruen* did not announce a new rule that may be asserted retroactively on collateral review."[41] Accordingly, Butler's motion is not timely under *Bruen.*

Turning to Butler's argument under *Egerton*, Butler fares no better. Under § 2255(f)(2), the one-year limitation period may run from "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action[.]"[42] Butler contends that following his sentencing, between May 20, 2021 and June 3, 2021, he visited with his attorney and filing an appeal was discussed.[43] He claims he advised his attorney in writing that he wanted to file an appeal; that his attorney "argued against" his wishes; and that his attorney failed to "inform [him]

---

[39] *Fontenelle v. Narcisse*, No. 21-388, 2021 WL 5415844, at *1 (E.D. La. Nov. 19, 2021).
[40] *Dodd v. United States*, 545 U.S. 353, 356-357 (2005) (quoting 28 U.S.C. § 2253(f)(3)).
[41] *See, e.g., United States v. Ronnie Davis*, No. CR 22-112, 2024 WL 5246603, at *4 (E.D. La. Dec. 30, 2024) (citing *Kraut v. United States*, No. 18-462, 2024 WL 4544122, at *3 (N.D. Tex. Oct. 22, 2024) and *Contreras-Orosco v. United States*, No. CR 17-258, 2024 WL 4341551, at *2 (N.D. Tex. Sept. 27, 2024)); *United States v. Troy Washington*, No. CR 22-19, 2025 WL 51577, at *3 (W.D. La. Jan. 8, 2025) ("This Court, as well as other district courts, finds that '*Bruen* did not establish a newly recognized right or make that right retroactively applicable on collateral review.'" (citation omitted)).
[42] 28 U.S.C. § 2255(f)(2).
[43] Rec. Doc. 48, p. 6.

of any right to file his own notice of appeal pro se and did not advise [him] concerning any []2255, its purpose and the 1 year filing deadline."[44]

In September 2021, Butler was sentenced to unrelated state offenses and transferred from the West Baton Rouge Parish jail on December 3, 2021.[45] Butler claims that the West Baton Rouge Parish jail ""had no legal resources for those represented by counsel or instructions on how to file any appeals or 2255 motions[,]" and he claims that when he was transferred from West Baton Rouge to Louisiana's River Bend Detention Center, he was transferred without "papers related to his federal case."[46]  Butler further claims that at River Bend, access to the law library was limited "purportedly to prevent the spread of COVID-19."[47] Butler claims that only after he was transferred to FCC Oakdale in 2023 did he have "access to a law library, became aware that his attorney had not filed any appeal[,] and that he had missed his one year deadline to file his 2255."[48]

The Government responds to Butler's claims, noting first that Butler's claimed ignorance of his appeal rights is belied by the plain language of the waiver in his Plea Agreement and his acknowledgment of same in open court at his re-arraignment hearing. The Government posits: "Butler alleges no facts that cast doubt on the validity of the plea agreement, of the guilty plea itself, or of the waiver of appeal and collateral remedies, which expressly referenced, inter alia, the relevant statutory provision, 28 U.S.C. § 2255."[49] Thus, the Government maintains that, "based on the plain language of the appeal and collateral review waiver contained in Butler's plea agreement, as well as this Court's

---

[44] *Id.*
[45] *Id.*
[46] *Id.*
[47] *Id.* at pp. 6–7.
[48] *Id.* at p. 7.
[49] Rec. Doc. 65-1, p. 13 (citing Rec. Doc. 25, p. 10).

colloquies at re-arraignment and sentencing, Butler cannot plausibly claim to have been ignorant of any available appeals rights or of the specific statutory provision, i.e. 28 U.S.C. § 2255, relevant and applicable to collateral review."[50]

The Government also notes that Butler was represented by counsel until December 2022; thus, even if Butler's assertions about the lack of legal resources at the West Baton Rouge Parish jail are correct, he still had access to legal aid and resources via his counsel. Moreover, the Government maintains that Butler's vague assertions about the inadequacies of jail law libraries or legal assistance do not establish an actual injury under Supreme Court precedent. The Government cites *Lewis v. Casey*, wherein the Supreme Court noted that there is no "abstract, freestanding right to a law library or legal assistance."[51] The Government then cites the Sixth Circuit's decision in *Simmons v. United States*, wherein the court held that "a prisoner is at least required to allege a causal connection between the purported constitutional impediment and how the impediment prevented him from filing on time."[52] Because Butler has failed to make this showing, the Government argues he is not entitled to relief under § 2255(f)(2).

The Court agrees. In *Fontenelle v. Narcisse*,[53] the district court for the Eastern District of Louisiana discussed how application of the *Egerton* decision should be narrowly tailored to the specific facts of each case:

> However, since *Egerton* was decided, most courts have found that its scope is limited to the unique facts of that case. Specifically, one court noted:
>
> > In making that ruling [in *Egerton*], the Court stopped short of permitting a dearth of research material to excuse every late filing, concluding, "an inadequate prison law library may constitute a state

---

[50] *Id.*
[51] 518 U.S. 343, 351 (1996).
[52] 974 F.3d 791, 798 (6th Cir. 2020).
[53] 2021 WL 5415844, at *1.

created impediment that would toll the AEDPA's one-year limitations period pursuant to § 2244(d)(1)(B)." [*Egerton*, 334 F.3d] at 439 (emphasis added). In *Egerton*, no copy of the AEDPA was available in the prison, but the prisoner promptly filed his state, and then his federal, habeas petitions after being moved to a facility with an adequate law library. As the district court stated in *Neal v. Bradley*, Civil Action No. 2:05cv67, 2006 WL 2796404 at *2 (N.D. Miss., Sept. 25, 2006), the rule adopted in *Egerton* is "extremely circumscribed," and inmates are attempting to expand its holding far beyond the narrow set of facts to which it applies. Egerton was incarcerated prior to 1996, and was unaware of AEDPA's passage; and since his facility had no copy of the AEDPA, he had no way of learning of its passage until after the limitations period had run. *Id.* at *3.

*Madison v. Scott*, Civ. Action No. 11-cv-00243, 2011 WL 7561510, at *3 (S.D. Miss. Aug. 4, 2011), *adopted*, 2012 WL 930932 (S.D. Miss. Mar. 19, 2012); *see also Hamm v. Deville*, Civ. Action No. 15-5012, 2016 WL 8578101, at *3-4 (E.D. La. Apr. 20, 2016); *Marshall v. Hedgemon*, Civ. Action No. 16-285, 2016 WL 8739198, at *4-5 (E.D. La. Nov. 4, 2016); *Dufrene v. Ramos*, No. 16-13822, 2016 WL 6311122, at *3-4 (E.D. La. Oct. 6, 2016).

Additionally, in 2011, the Fifth Circuit revisited its *Egerton* decision and noted the narrowness of its scope. In *Krause v. Thaler*, the Fifth Circuit wrote:

> To prevail, [a petitioner] must allege more than that the library was inadequate. The Supreme Court has stated: "an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense ... [T]he inmate must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (noting that there is no "abstract, freestanding right to a law library or legal assistance"); *see also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) ("It is not enough to say that the Minnesota facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate."). Rather, he must also show that the lack of adequate legal materials actually prevented him from timely filing his habeas petition. *See Felder*, 204 F.3d at 171 n.9 (5th Cir. 2000) (holding that where a prisoner filed his habeas petition before he had access to AEDPA, the lack of access to AEDPA was not an [sic] did not prevent him from filing an application)....[54]

---

[54] *Id.* at *1-*2.

The Court notes that "the relevant inquiry ... is **not** whether the [jail] had a comprehensive law library or robust legal assistance program … Rather, the inquiry is **only** whether a petitioner has shown that the deficiencies actually '**prevented**' him from seeking relief in a timely manner."[55] Butler has not presented the Court with sufficient evidence to make such a finding here.

First, all the Court has to rely upon are the vague allegations in Butler's motion. He has offered no evidence to substantiate any of his allegations, particularly the specific dates he claims he lacked access to legal resources or was refused filing opportunities. Pleadings do not constitute evidence.  The law is clear that a petitioner must **prove** his claims, not merely allege them. "'Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition [ ], unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value.'"[56] Second, there is also no allegation or evidence that Butler utilized the grievance process at any prison facility concerning the purported denial of access to these resources. Butler offered no specific information concerning his efforts to gain access. Third, Butler has failed to establish that he lacked the requisite knowledge of his appeal and collateral review rights.  These rights were set forth in the Plea Agreement and expressly explained by the Court during Butler's Rule 11 colloquy.  Even so, the Fifth Circuit has explained that "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing."[57] The Court cannot find from the

---

[55] *Marshall v. Hedgemon*, No. 16-285, 2016 WL 8739198, at *5 (E.D. La. Nov. 4, 2016)(original emphasis).
[56] *Villasenor v. United States*, No. 3:22-CV-1781-M-BT, 2024 WL 2927716, at *4, n. 2 (N.D. Tex. June 10, 2024)(quoting *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983)).
[57] *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) (holding that lack of knowledge of the limitation period until after its expiration did not warrant tolling).

current record that "state-created impediments" actually "prevented" Butler from timely filing a Section 2255 motion. Butler's subsequent Supplemental Section 2255 Motion is likewise untimely. Butler has not argued nor submitted evidence of "extraordinary circumstances" or his actual innocence which would warrant tolling.

Thus, Butler's Section 2255 Motions are time-barred and must be dismissed. Accordingly, the Government's Motion to Dismiss shall be granted.

## III.    CONCLUSION

For the foregoing reasons, the Government' s Motion to Dismiss[58] Movant's Motion under 28 U.S.C. 2255 to Vacate, Set Aside, or Correct Sentence is GRANTED. Butler's Motion under 28 U.S.C. 2255 to Vacate, Set Aside, or Correct Sentence[59] and Supplemental Motion to Vacate under 28 U.S.C. 2255[60] are DENIED and DISMISSED as untimely.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this  24th  day of June, 2025.

_____
**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[58] Rec. Doc. 65.
[59] Rec. Doc. 48.
[60] Rec. Doc. 72.  The Government responded to this motion, Rec. Doc. 79, to which Butler filed two Replies, Rec. Docs. 84, 87.